IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WALEED SHABAZZ, | : | |
| Petitioner, | : | |
| VS. | : | 7 : 09-CV-120 (HL) |
| DANNIE THOMPSON, Warden, | : | |
| Respondent. | : | |

**RECOMMENDATION**

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 Colquitt County convictions for armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. (Doc. 1). Following a jury trial and the return of a guilty verdict, Petitioner was sentenced to 20 years, serve 10 and the balance probated for armed robbery, 5 years consecutive for possession of a firearm during the commission of a crime, and 5 years probation for possession of a firearm by a convicted felon. Petitioner's convictions were affirmed on direct appeal on September 16, 2008. *Shabazz v. State*, 293 Ga. App. 560, 667 S.E.2d 414 (2008). Petitioner did not pursue further review of his convictions.

**Factual Background**

This Court is "bound under 28 U.S.C. § 2254[(e)] to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The AEDPA thus retains the statutory presumption of correctness that is

to be afforded state courts' factual findings. *Id.* Inasmuch as no dispute has been raised herein regarding the findings of fact issued by the Georgia Court of Appeals, said findings are hereby adopted as follows:

> [T]he evidence shows that on October 24, 2006, two men entered Sonny's meat market and walked around the store for several minutes. The taller of the two men was dressed in a green, hooded jacket with the hood on his head. The shorter man picked up a bag of potato chips, and both approached the cash register, where Sherry Cook was working. As Cook rang up the potato chips, the taller man pulled out a gun and demanded money. After Cook gave the men money from the cash register, they ran from the store.
>
> Cook reported the robbery to police. The following day, Investigator Roger Lindsay developed a photographic lineup that included Shabazz's picture. Cook reviewed the lineup and identified Shabazz as the taller robber who, the evidence shows, held the gun.
>
> Lindsay interviewed Cook a second time on November 8, 2006, and she again identified Shabazz from the photographic array. Cook also identified Shabazz as the robber at trial. In addition, the state offered evidence that Shabazz had previously been convicted of felony obstruction of a law enforcement officer.

*Shabazz*, 293 Ga. App. at 560-61.

## Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a

conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at. 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act ("AEDPA") case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v.*

3

*Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d)(1).

## **Petitioner's Habeas Claims**

In his Petition for federal habeas relief, the Petitioner sets forth four grounds for relief, none of which were raised on direct appeal. (Doc. 1). In the first three grounds, the Petitioner raises alleged violations of his Fourth Amendment rights arising from his arrest, and in the last ground Petitioner cites to a Fifth Circuit decision regarding the determination of probable cause. *Id.*

The Respondent asserts that all of these grounds are new and procedurally defaulted under Georgia law, as Petitioner did not timely raise these claims at trial or in his direct appeal as required by O.C.G.A. § 9-14-48(d). Under Georgia law,

> [t]he court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.

O.C.G.A. § 9-14-48(d).

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the Petitioner. *McCoy v.*

4

*Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

Herein, the Petitioner did not raise any of his grounds for relief in the state proceedings below, rendering the grounds procedurally defaulted. Petitioner has failed to establish either cause or prejudice for the procedural default of the claims at issue, and has not established that a fundamental miscarriage of justice will result if his claims are not heard.

*Conclusion*

Inasmuch as all of the grounds raised by the Petitioner are procedurally defaulted and therefore will not support the granting of federal habeas relief, **IT IS RECOMMENDED** that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 20th day of June, 2011.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**